UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JOSEPH MORGAN,

    Petitioner,

    v.       CAUSE NO. 3:20-CV-658-MGG

WARDEN,

    Respondent.

OPINION AND ORDER

Joseph Morgan, a prisoner without a lawyer, filed an amended habeas corpus petition challenging the disciplinary decision (WCC-19-10-454) at the Westville Correctional Facility in which a disciplinary hearing officer (DHO) found him guilty of battery in violation of Indiana Department of Correction Offense 102. Following a disciplinary hearing, on February 5, 2020, he was sanctioned with a loss of his entire balance of good time credit, which amounted to 6,695 days, and two demotions in credit class.

Morgan argues that he is entitled to habeas relief because the hearing officer did not have sufficient evidence to support a finding of guilt. He contends that the evidence indicates that he committed Offense 117 rather than Offense 102.

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's

> guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000).

According to the disciplinary policy, Offense 102 is titled as "Battery" and defined as "knowingly or intentionally touching another person in a rude, insolent, or angry manner." ECF 13-9. At the time of the offense, the disciplinary policy did not include an entry for Offense 117, but an earlier version of the policy did, titling that offense as "Assault on Staff" and defining it as "committing battery/assault upon any staff person, including contractors and volunteers, which results in bodily injury and serious bodily injury." ECF 13-11.

The administrative record includes a conduct report in which Officer Fennell represents that Morgan assaulted him by throwing himself backwards at him and by punching him and that Morgan also assaulted another correctional officer in the same altercation. ECF 13-1. It also includes an incident report from a correctional officer who was not directly involved and a video recording, which were each consistent with the conduct report.[1] ECF 13-2; ECF 18. Though charging Morgan with Offense 117 - Assault on Staff may have been more precise, it was not an option at the time of the offense, and, even if it was, the conduct report and the video recording also constitute some evidence that Morgan committed Offense 102 - Battery. Therefore, the claim that the

---

[1] Morgan filed two motions seeking an evidentiary hearing for the purpose of allowing the court to review the video recording. ECF 21, ECF 22. However, no hearing is required to facilitate the court's review of a video recording, so these motions are denied.

2

administrative record did not support the charged offense is not a basis for habeas relief..

Morgan argues that he is entitled to habeas relief because correctional staff did not allow him to present photographs of the victims' injuries and did not provide him with a written video recording summary, which he would have used to show that he had acted in self-defense. "[T]he inmate facing disciplinary proceedings should be allowed to call witnesses and present documentary evidence." *Wolff v. McDonnell*, 418 U.S. 539, 566 (1974). However, "[p]rison officials must have the necessary discretion to keep the hearing within reasonable limits and to refuse to call witnesses that may create a risk of reprisal or undermine authority, as well as to limit access to other inmates to collect statements or to compile other documentary evidence." *Id.* Contrary to Morgan's assertions, the administrative record includes photographs of the victims' injuries and the hearing report indicates that the hearing officer considered them. ECF 13-4; ECF 14. Further, it is unclear how the absence of a video recording summary harmed Morgan's ability to defend himself given his personal knowledge of the events and given that he had no constitutional right to assert self-defense in a prison disciplinary proceeding. *Jones v. Cross*, 637 F.3d 841, 848 (7th Cir. 2011); *Scruggs v. Jordan*, 485 F.3d 934, 938–39 (7th Cir. 2007). Therefore, the claim that Morgan was not allowed to present evidence is not a basis for habeas relief.

Morgan argues that he is entitled to habeas relief because his loss of earned credit time in its entirety was constitutionally excessive. "A federal court will not normally review a state sentencing determination [that] falls within the statutory limit." *Koo v.*

3

*McBride*, 124 F.3d 869, 875 (7th Cir. 1997). Executive Directive 17-09 amended the disciplinary policy by increasing the range of sanctions for offenses resulting in serious bodily harm to staff or visitors, including Offense 102 and Offense 117. ECF 13-10. As amended, the sanctions for such offenses may include "a loss of up to the entire balance of the offender's accumulated earned credit." *Id.* Because the loss of good time credit was within the range of the sanctions set forth in the departmental policy, the claim regarding excessive sanctions is not a basis for habeas relief.

Morgan argues that he is entitled to habeas relief under the Equal Protection Clause because inmates of other races have committed similar offenses and were not sanctioned with the loss of the entirety of their good time credit. "To prove an equal-protection claim, [the plaintiff] must show that the program had a discriminatory effect and that the defendants were motivated by a discriminatory purpose." *Alston v. City of Madison*, 853 F.3d 901, 906 (7th Cir. 2017). "To prove discriminatory effect, [the plaintiff] must show that he was a member of a protected class and that he was treated differently from a similarly situated member of an unprotected class." *Id.* "He may do so either by statistical analysis or by identifying a particular similarly situated member of the unprotected class who was treated differently from him." *Id.* "Discriminatory purpose means more than simple knowledge that a particular outcome is the likely consequence of an action; rather, discriminatory purpose requires a defendant to have selected a particular course of action at least in part because of its adverse effects upon an identifiable group." *Id.* at 907. Because the record contains no evidence of

4

discriminatory effect or of discriminatory purpose, the argument that correctional staff violated his rights under the Equal Protection Clause is not a basis for habeas relief.

Morgan argues that he is entitled to habeas relief because the hearing officer did not provide him with a written explanation of the decision during the administrative appeal process. Morgan contends that the failure to provide him with a written decision rendered him unable to argue that the evidence did not support the charged offense and that he did not know that the hearing officer considered witness statements. Procedural due process requires a "written statement by the factfinders as to the evidence relied on and reasons for the disciplinary action." *Wolff v. McDonnell*, 418 U.S. 539, 564 (1974). As discussed above, the insufficiency of the evidence argument is meritless. Further, while the record contained a statement from another correctional officer in the form of an incident report, this statement was entirely consistent with the conduct report, so it is unclear how not knowing about this additional statement could have prejudiced Morgan. Therefore, the claim that Morgan did not receive a timely written explanation of the decision is not a basis for habeas relief.

Morgan argues that he is entitled to habeas relief because correctional staff offered to charge him for a lesser disciplinary offense in exchange for information about an object in his possession shortly before the altercation. He characterizes the charges of battery as retaliation for exercising his right to remain silent. "Prisoners are entitled to be free from arbitrary actions of prison officials. The protections against this arbitrary action, however, are the procedural due process requirements as set forth in *Wolff v. McDonnell*, 418 U.S. 539 (1974)." *Hanrahan v. Lane*, 747 F.2d 1137, 1140 (7th Cir. 1984)

5

"[R]etaliatory motive in the filing of a disciplinary charge is not a ground for relief if the subsequent disciplinary proceedings are held in accordance with due process." *Lee v. Berge*, 14 F. App'x 690, 693 (7th Cir. 2001). Additionally, the Fifth Amendment does not prohibit correctional staff from considering an inmate's silence for purposes of determining guilt in disciplinary proceedings. *Baxter v. Palmigiano*, 425 U.S. 308, 320 (1976). Therefore, the claim of retaliation is not a basis for habeas relief.

Because Morgan has not demonstrated that he is entitled to habeas relief, the habeas petition is denied. If Morgan wants to appeal this decision, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See Evans v. Circuit Court*, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not proceed in forma pauperis on appeal because the court finds pursuant to 28 U.S.C. § 1915(a)(3) that an appeal in this case could not be taken in good faith.

For these reasons, the court:

(1) DENIES the motions for evidentiary hearings (ECF 21, ECF 22);

(2) DENIES the amended habeas corpus petition (ECF 10);

(3) DIRECTS the clerk to enter judgment and close this case; and

(4) DENIES Joseph Morgan leave to proceed in forma pauperis on appeal.

SO ORDERED on August 30, 2021

                                                s/ Michael G. Gotsch, Sr.
                                                Michael G. Gotsch, Sr.
                                                United States Magistrate Judge